SCOTT VOELZ (S.B. #181415)
svoelz@omm.com
ADAM J. KARR (S.B. #212288)
akrr@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071-2899
Telephone:  213-430-6000
Facsimile:   213-430-6407

ALLAN W. GUSTIN (S.B. #305784)
agustin@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
Telephone:  949-823-6900
Facsimile:   949-823-6994

*Attorneys for Defendant*
*FEDEX GROUND PACKAGE SYSTEM, INC.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GENARO CAMPOS, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>RL ON-TIME DELIVERY SERVICE, INC.; FEDEX CORPORATION; FEDEX GROUND PACKAGE SYSTEM, INC.; and DOES 1–100, inclusive,<br><br>                    Defendants. | Case No.  2:23-cv-04082-FLA-SK<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION; ORDER THEREON**<br><br><u>DISCOVERY MATTER</u><br><br>District Judge:     Hon. Fernando L. Aenlle-Rocha<br>Magistrate Judge:  Hon. Steven Kim<br>Courtroom:          6B<br>Complaint Filed:    April 25, 2023 |

1  WHEREAS, Plaintiff Genaro Campos ("Plaintiff") and Defendants RL On-
2  Time Delivery Services, Inc., and FedEx Ground Package System, Inc.
3  (collectively, "Defendants," and with Plaintiff, the "Parties") have determined that
4  certain information to be produced in this Action may contain Confidential
5  Information (as defined below), the unauthorized disclosure of which could be
6  detrimental to the legitimate commercial or privacy interests of the Parties that
7  produced or designated this information as confidential or would contravene
8  applicable law;

9  WHEREAS, all of the Parties in the Action wish to maintain and protect
10  confidentiality of the Confidential Information and materials and restrict access to
11  and disclosure of such information and materials;

12  THE PARTIES THEREFORE HEREBY STIPULATE, by and through their
13  respective counsel of record, to entry of the following protective order as an order
14  of the above-captioned Court ("Stipulated Protective Order") and propose to the
15  Court as follows:

16  **1.      A. <u>PURPOSES AND LIMITATIONS</u>**

17  Disclosure and discovery activity in this Action are likely to involve
18  production of confidential, proprietary, or private information for which special
19  protection from public disclosure and from use for any purpose other than
20  prosecuting this litigation may be warranted. Accordingly, the Parties hereby
21  stipulate to and petition the Court to enter the following Stipulated Protective
22  Order. The Parties acknowledge that this Order does not confer blanket protections
23  on all disclosures or responses to discovery and that the protection it affords from
24  public disclosure and use extends only to the limited information or items that are
25  entitled to confidential treatment under the applicable legal principles. The Parties
26  further acknowledge, as set forth in Section 12.3, below, that this Stipulated
27  Protective Order does not entitle them to file confidential information under seal;

28  2

Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**B. <u>GOOD CAUSE STATEMENT</u>**

This action is likely to involve confidential business, financial, proprietary and personal information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, methods, policies, and procedures, or other confidential commercial information (including information implicating privacy rights of third parties), personal information, including personal financial information about third parties, and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.   <u>DEFINITIONS</u>**

2.1    "Action" means the action titled *Genaro Campos v. RL On-Time*

3

*Delivery Service, Inc. et al.*, Case No. 2:23-cv-04082-FLA-SK.

2.2    "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL"  Information or Items means information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under applicable law and the terms of this Stipulation and Protective Order.

2.4    "Counsel" (without qualifier) means Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    "House Counsel" means attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10   "Outside Counsel of Record" means attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law

4

firm which has appeared on behalf of that party.

2.11   "Party" means any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   "Protected Material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source

5

who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order. This Order does not govern the use of Protected Material at trial.

**4.** **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.** **DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

JOINT STIP. FOR ENTRY OF PROTECTIVE
ORDER REGARDING CONFIDENTIAL
INFORMATION

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"  to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

"CONFIDENTIAL" designations shall be made upon a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure, such as confidential personal information, medical or psychiatric information, personnel records, trade secrets, proprietary information, or other sensitive or confidential business, technical, sales marketing, financial, commercial, or competitively sensitive information that is not publicly available.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for

7

inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable,

8

substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements set forth in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Party challenging the designation to sanctions. Until the court rules on the challenge, all parties shall afford the material in question the level of protection originally designated.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)   Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8.   **<u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

11

(b)   promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party.

(c)   If the Non-Party fails to object or seek a protective order from this Court within 14 calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

JOINT STIP. FOR ENTRY OF PROTECTIVE
ORDER REGARDING CONFIDENTIAL
INFORMATION

## 11.   INADVERTENT PRODUCTION OF PRIVILEGE OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material

14

at issue. Pursuant to Local Civil Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Local Civil Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Local Civil Rule 79-5(e) unless otherwise instructed by the Court.

## 13.    **FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or permanently destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

15

**14.**   **VIOLATION**

Any violation of this Order may entitle any Party to secure any relief as the Court deems just and appropriate.

///

///

16

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3       Dated:  August 24, 2023

4                                           O'MELVENY & MYERS LLP
                                            SCOTT VOELZ
                                            ADAM J. KARR
5                                           ALLAN W. GUSTIN

6

7                                           By:        */s/ Scott Voelz*
                                                        Scott Voelz
8
                                            *Attorneys for Defendant FedEx Ground*
9                                           *Package System, Inc.*

10      Dated:  August 24, 2023

11                                          O'HAGAN MEYER
                                            VICKIE V. GRASU
12                                          MATTHEW C. SGNILEK

13

14                                          By:        */s/ Vickie V. Grasu*
                                                        Vickie V. Grasu
15
                                            *Attorneys for Defendant RL-On Time*
16                                          *Delivery Service, Inc.*

17      Dated:  August 24, 2023

18                                          DA VEGA FISHER MECHTENBERG
                                            LLP
19                                          MATTHEW H. FISHER

20

21                                          By:        */s/ Matthew H. Fisher*
                                                        Matthew H. Fisher
22
                                            *Attorneys for Plaintiff Genaro Campos*
23

24

25

26

27

28

                                            JOINT STIP. FOR ENTRY OF PROTECTIVE
                                            ORDER REGARDING CONFIDENTIAL
                                            INFORMATION

1    Local  Rule 5-4.3.4(a)(2) Attestation

2         I, Scott Voelz, hereby attest that all signatories listed above, and on those

3    behalf this filling is submitted, concur in the filing's content and have authorized

4    the filing.

5

6         Dated: August 24, 2023                    SCOTT VOELZ
                                                     O'MELVENY & MYERS LLP

7                                            By:   /s/ *Scott Voelz*
                                                     Scott Voelz
8

9

10        **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

11

12   Dated:    August 25, 2023

13                                           Honorable Steve Kim
                                             U.S. Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    17

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on _____ [date] in the case of *Genaro*

*Campos v. RL On-Time Delivery Service, Inc. et al.*, Case No. 2:23-cv-04082-FLA-

SK.

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order, and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this Action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

18   JOINT STIP. FOR ENTRY OF PROTECTIVE
ORDER REGARDING CONFIDENTIAL
INFORMATION